■ DOUGLAS L. LEIGHT et al., Respondents, v W7879 LLC et al., Appellants. [7 NYS3d 891]—

Order and judgment (one paper), Supreme Court, New York County (Joan M. Kenney, J.), entered September 3, 2014, which to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss with respect to plaintiffs John Masten and Dianne Wiest, and granted plaintiffs certain relief, unanimously reversed, on the law, without costs, the judgment vacated, defendants' motion granted as to Masten and Wiest, and it is declared that their apartments are not rent-stabilized. The Clerk is directed to enter judgment accordingly.

The motion court erred in determining that defendants had not moved to dismiss the claims as to Masten and Wiest. Defendants' notice of motion clearly states that they moved to dismiss all of the claims asserted in the complaint, and plaintiffs cross-moved, inter alia, to stay determination of that part of defendant's motion to dismiss directed to plaintiffs Masten and Wiest, pending appeal. Further, the affirmation of James Marino submitted in support of defendants' motion contains an entire section under the argument heading "Plaintiffs Masten and Wiest's Apartments Are Not Subject To Deregulation Since They Had a Full and Fair Opportunity To Challenge the Orders of Deregulation At DHCR," and point II in defendants' memorandum of law has the heading "Plaintiff Masten and Wiest's Claims Are Precluded by the Doctrines of Collateral Estoppel and Administrative Finality." Thus, we will consider those parts of the parties' motions which were overlooked.

Defendants argue that plaintiffs are collaterally estopped from asserting their claims under *Gersten v 56 7th Ave. LLC* (88 AD3d 189 [1st Dept 2011], *appeal withdrawn* 18 NY3d 954 [2012]). We agree that plaintiffs had a full and fair opportunity to participate in the deregulation proceedings held more than a decade earlier before New York State Division of Housing and Community Renewal (DHCR), which proceedings resulted in the issuance of deregulation orders exempting plaintiffs' apartments from rent stabilization under luxury deregulation law. However, plaintiffs' claims here are not subject to collateral estoppel, since the issues in this litigation are not identical to those in the prior DHCR deregulation proceedings (*Gersten v 56 7th Ave. LLC*, 88 AD3d at 201).

Turning to the merits of plaintiffs' claims, we find that they are not entitled to a declaratory judgment that their apartments are rent-stabilized, since they have failed to establish,

as a matter of law, that their apartments became re-regulated upon plaintiffs' execution of subsequent market rate leases.

We note that the orders of deregulation of DHCR remain in all force and effect. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.